UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DISTRICT

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MICHAEL E. PEPPEL, an individual, IRA H. STANLEY, an individual, and DAVID JOHN WHITE, an individual,

    Defendants.

C.A. No. 3:06-CV-0131

Judge Sandra S. Beckwith

## FINAL JUDGMENT AS TO DEFENDANT MICHAEL E. PEPPEL

The Securities and Exchange Commission having filed a Complaint and Defendant Michael E. Peppel having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Sections 13(a) and 13(b)(2) of the Exchange Act [15 U.S.C. §§ 78m(a) and 78m(b)(2)] and Rules 12b-20; 13a-1 and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20; 240.13a-1; 240.13a-13], and from violations of Rules 13a-14, 13b2-1 and 13b2-2 promulgated thereunder [17 C.F.R. §§ 240.13a-14; 240.13b2-1; and 240.13b2-2], by knowingly providing substantial assistance to an issuer:

(a) that has failed to file with the Commission such annual reports (and such copies thereof), certified if required by the rules and regulations of the Commission by independent public accountants, and such quarterly reports (and such copies thereof) as the Commission shall prescribe; or

(b) that has failed to include in such annual or quarterly statements or reports such further material information as may be necessary to make the required statements, in the light of the circumstances under which they are made, not misleading.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 20(e) of the Securities Act and Section 21(d)(2) of the Exchange Act [15 U.S.C. §§ 77t(e), 78u(d)(2)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C.

3

§ 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant's liability for disgorgement, prejudgment interest and a civil penalty is deemed satisfied based on Defendant's criminal conviction in the related criminal matter styled <u>United States v. Peppel</u>, 3:06cr0196, in the United States District Court for the Southern District of Ohio.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _October 24th, 2011_

_____
UNITED STATES DISTRICT JUDGE